UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

NEWCOMB PRINT COMMUNICATIONS,
INC., dba NEWCOMB MARKETING
SOLUTIONS, dba NEWCOMB PRINTING
SERVICES INC., dba THE INDIANA
PRESS, INC., dba IP GRAPHICS, dba
NEWCOMB PRINT SERVICES, INC., and
dba NEWCOMB INTEGRATED
MARKETING SOLUTIONS,

        Debtor.
_____/

Case No. DK 12-08042
Hon. Scott W. Dales
Chapter 7

OPINION AND ORDER GRANTING
MOTION FOR TURNOVER OF RETAINER

PRESENT:   HONORABLE SCOTT W. DALES
                   United States Bankruptcy Judge

On September 5, 2012, Newcomb Print Communications, Inc. (the "Debtor") filed a chapter 11 bankruptcy petition. Prior to filing its case, the Debtor entered into an Attorney Fee Agreement (the "Agreement," DN 21-1) with Attorney Donald Darnell wherein non-debtor Newcomb & Companies, Inc. agreed to pay Mr. Darnell a $9,000.00 retainer (the "Retainer") in exchange for his representation of the Debtor. The Retainer included $1,046.00 for the filing fee.

On November 15, 2012, the court approved Mr. Darnell's appointment as counsel for the debtor-in-possession pursuant to 11 U.S.C. § 327 (DN 39), but at no time did Mr. Darnell apply for approval of compensation. He justifies the omission on the grounds that approval is

unnecessary because he is being paid with property (the Retainer) that in his opinion belongs to Newcomb & Companies, Inc., rather than the Debtor or its bankruptcy estate.

The Debtor's bankruptcy case was converted to chapter 7 on March 27, 2013, and Laura Genovich was appointed as the Debtor's chapter 7 trustee (the "Trustee"). The Trustee filed a Motion for Turnover of Property of the Estate on May 3, 2013 (the "Motion," DN 74), seeking an order compelling Mr. Darnell to remit the Retainer under § 542. Mr. Darnell filed his response to the Motion (the "Response," DN 83) arguing that the Retainer is not property of the bankruptcy estate because it originated with a non-debtor entity.

The Agreement does not specify who would be entitled to the money if Mr. Darnell did not exhaust it through his labors on behalf of the Debtor (and its estate).  *See* DN 21-1.

Mr. Darnell argues that a pre-petition retainer becomes property of the bankruptcy estate only if the debtor has an interest in the retainer at the time of the bankruptcy filing.  According to him, "whether the debtor has an interest in a prepetition retainer, so as to render that retainer an asset of the estate, is a question of state law." *In re McDonald Bros. Construction, Inc.*, 114 B.R. 989, 996 (Bankr. N.D. Ill. 1990).  Mr. Darnell, however, has not cited any Michigan authorities to support his continued retention of the Retainer.  The Trustee argues that even when a retainer is paid by a third party, the monies "are to be held in trust for the debtor, and the debtor's equitable interest in the trust is property of the estate." *In re Downs*, 103 F.3d 472 (6th Cir. 1996).  Although the Trustee candidly acknowledges that the Sixth Circuit reached this conclusion in a case involving the sanctioning of an attorney for disclosure and other violations, and although the Trustee in no way impugns Mr. Darnell, she nevertheless contends that *Downs* controls the question of whether the Retainer is included in the bankruptcy estate.  She contends this is true even accepting, *arguendo*, that the Retainer originated with a non-debtor entity.  To

summarize, Mr. Darnell says the question depends on state law; the Trustee relies on federal authority, principally the *Downs* case and other federal opinions.

As the court has frequently observed, state law typically supplies the "rule of decision" in most civil matters in federal court, under the Rules of Decision Act:

> The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply.

28 U.S.C. § 1652. In other words, "unless some federal interest requires a different result, there is no reason why such interest should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 U.S. 48, 55 (1979). In most situations, the "demonstrated need for a federal rule of decision" arises because application of state law would conflict with a federal policy or interest. *See Atherton v. FDIC*, 519 U.S. 213, 219 (1997).

Here, the court concludes that state and federal law both point toward treating the Retainer as property of the Debtor's bankruptcy estate.

First, as a matter of state law, the Michigan Rules of Professional Conduct ("MRPC") require that legal fees and expenses paid in advance, such as the Retainer in this case, "shall be deposited in a client trust account and may be withdrawn only as fees are earned or expenses incurred." MRPC 1.15(g); *In re Doors and More, Inc.*, 127 B.R. 1001, 1003 (Bankr. E.D. Mich. 1991) ("Under Michigan law, a client has a clear interest in a [security] retainer fee paid to an attorney."). The source of the funds appears to make no difference under state law, since the drafters of MRPC 1.15 clearly contemplated that "[l]awyers often receive from third persons funds from which the lawyer's fee will be paid," yet they require such funds to be deposited in a

"client trust account." *See* MRPC 1.15 (comment). The client —in this case, the Debtor— is obviously the intended beneficiary of the "client trust account."

The only Michigan decision presented to the court also suggests a similar conclusion. *See Stockler v. Gelman*, 1998 WL 2016546, Slip Op. No. 199956 (Mich. App. Mar. 20, 1998). In that case, the court refused to order the return of an unused retainer to the entity that originally funded it because the retainer agreement, between the attorney and the client, did not contemplate returning the unused retainer to the original source. The Michigan Court of Appeals observed that the client, not the source of the retainer, was "the only person who had any right to return of any portion of the retainer." *Id.* The court notes that the Agreement between the Debtor and Mr. Darnell, like the agreement in the *Stockler* case, does not provide for returning the unused retainer to the third-party who allegedly paid it. *Stockler* supports the Trustee's position.

Because the court concludes that Michigan law does not support Mr. Darnell's continued retention of the Retainer, his citation to *In re McDonald Bros. Construction, Inc.*, 114 B.R. 989, (Bankr. N.D. Ill, 1990), in unavailing. That case observed that "[a] prepetition retainer becomes property of the estate upon the filing of a bankruptcy case only if, under applicable state law, the debtor has an interest in the retainer at the time of filing." Here, as noted above, Michigan law supports the conclusion that the Debtor has an interest in the Retainer.[1]

As noted above, the Sixth Circuit has recognized that "retainers paid to counsel for the debtor are to be held in trust for the debtor, and the debtor's equitable interest in the trust is

---

[1] Moreover, the *McDonald* case distinguished between "classic retainers" (in which a debtor has no interest), "security retainers" (which counsel holds pending provision of future services, to secure payment), and "advance payment retainers" (such as a flat fee paid in exchange for the commitment to provide specific legal services). *Id.*, 114 B.R. at 997-1001. The Retainer at issue in this case is not a classic retainer paid and earned when counsel agrees to make himself available, and not an advance payment retainer such as a flat fee, but is instead more akin to the security retainer described in *McDonald* as being included within the bankruptcy estate. *Id.*, 114 B.R. at 999-1001. Mr. Darnell confirmed at oral argument that he did not earn the Retainer until he provided services.

property of the estate." *Downs*, 103 F.3d at 478; *see also In re Specker Motor Sales Co.*, 393 F.3d 659, 663 (6th Cir. 2004). Significantly, as the Trustee notes, a non-debtor entity was the original source of the retainer in the *Downs* case. Mr. Darnell criticizes *Downs* and *Specker Motors* as poorly reasoned *dicta.* The court appreciates Mr. Darnell's thoughtful analysis of *Downs* and *Specker Motors*, but will nevertheless follow the Sixth Circuit's rulings.

Because the retainer at issue in *Downs* was paid on behalf of the chapter 7 debtors nearly two years after the petition date (and therefore would not have been included within the bankruptcy estate under § 541), the Sixth Circuit's remarks about a debtor's beneficial interest in the retainer as being included within the bankruptcy estate are probably best understood as an expression of the unique "fiduciary relationship" between debtor's counsel and the federal courts. *See Downs*, 103 F.3d at 40 ("Section 329 and Rule 2016 are fundamentally rooted in the fiduciary relationship between attorneys and the courts" and "the fulfillment of these duties imposed under these provisions are [sic] crucial to the administration and disposition of proceedings before the bankruptcy courts."). When the attorney breached his disclosure obligations, he offended the bankruptcy court and other estate stakeholders interested in full and complete disclosure. As a matter of federal law, the Sixth Circuit agreed that the retainer should be paid to the estate, rather than the entity from whom it unquestionably originated.

It should not be surprising to find a federal policy supporting the Sixth Circuit's decision in *Downs*, given that Congress requires bankruptcy courts to closely scrutinize the relationship between attorneys and debtors in bankruptcy, and between attorneys and bankruptcy estates. *See* 11 U.S.C. § 327-330; *see also* Fed. R. Bankr. P. 2014 and 2016. Indeed, the federal interest in matters affecting the relationship between bankruptcy estates and estate professionals such as Mr. Darnell is so strong that Congress divested the state courts of jurisdiction "over all claims or

causes of action that involve construction of [11 U.S.C. § 327] or rules relating to disclosure requirements under section 372." 28 U.S.C. § 1332(e)(2). Recognizing an estate's equitable interest in bankruptcy-related retainers is consistent with this federal policy.

So, even if the Sixth Circuit's "beneficial interest" comment in *Downs* is to some extent *dicta*, it is *dicta* that the court will not ignore. The comment is especially persuasive here because it is consistent with Michigan law which, at least in the absence of an express agreement to the contrary, appears to treat retainers as held in trust for the client regardless of the source of the funds. MRPC 1.15(g). In any event, after *Downs*, which the Court of Appeals issued in 1996, practitioners within the Sixth Circuit who accept retainers in connection with their representation of debtors in bankruptcy must understand that the federal courts may recognize their clients' beneficial interest in the retainer, regardless of the source, as a matter of federal policy, notwithstanding the usual rule that state law supplies the rule of decision.

Even if the court is mistaken about the Debtor's interest in the Retainer, the court would nevertheless require Mr. Darnell to apply for approval of his fees because Mr. Darnell's employment application, which he prepared, specifically stated that his compensation would be "subject to the approval of the court after rendering of such services." *See* Application for Order Approving Employment of Attorney at ¶ 5 (DN 21). The Agreement included with the employment application (DN 21-1) similarly provides that fees will not be paid "unless allowed by the court."

Finally, the court need not decide today whether or to what extent Mr. Darnell will be entitled to compensation for his services to the Debtor while it remained in possession. Indeed, because Mr. Darnell did not file a fee application, the court has no basis for making any award. Also, because the court need not decide whether the Retainer is impressed with a lien or security

interest in Mr. Darnell's favor as his citation to the *McDonald* case might suggest, the court need not declare (as the Trustee suggests) that Mr. Darnell will be left with at most a lower priority chapter 11 administrative claim under § 726(b).

For the foregoing reasons, the court will require Mr. Darnell to remit the Retainer (less the filing fee) to the Trustee, who will receive it subject to whatever liens or interests may run in favor of Mr. Darnell under the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Motion (DN 74) is GRANTED as provided herein;
2. Mr. Darnell shall remit the Retainer to the Trustee within 14 days after entry of this Opinion and Order;
3. Mr. Darnell may file a fee application for his services to the Debtor while it remained the Debtor-in-Possession within 28 days after entry of this Opinion and Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Newcomb Print Communications, Inc., John Kelly Newcomb, Donald C. Darnell, Esq., Laura J. Genovich, Esq., chapter 7 Trustee, and the United States Trustee.

**IT IS SO ORDERED.**

Dated September 6, 2013



_____
Scott W. Dales
United States Bankruptcy Judge